528 A.2d 657

**Jill R. COHEN, Esquire**

v.

**Gustine J. PELAGATTI, Esquire and National Auto Brokers Corporation ("NABCOR") and Frank Maiorana.**

**Appeal of NATIONAL AUTO BROKERS CORPORATION ("NABCOR") and Frank Maiorana.**

Superior Court of Pennsylvania.

Argued March 24, 1987.

Filed July 13, 1987.

Carl Person, Philadelphia, for appellants.

Jonathan Wheeler, Philadelphia, for appellee.

Before BROSKY, BECK and TAMILIA, JJ.

BROSKY, Judge:

This is an appeal from an order sustaining preliminary objections, in the nature of a demurrer, to appellants' counterclaims, and dismissing said counterclaims with prejudice. Appellants' sole contention on appeal is that the trial court erred in dismissing their counterclaims, arguing that a civil conspiracy case cannot be dismissed on the basis of demurrer, even where damages claimed may exceed damages ultimately recoverable. Upon review of the record below, we now affirm.

The current litigation involves a rather complex factual and procedural history. The relevant portion of that history is as follows: On August 19, 1983, appellee, Jill R. Cohen, Esquire, filed a complaint in trespass against appellants, alleging harassment, defamation, invasion of privacy, and intentional infliction of emotional distress in connection with what has come to be known as the *NABCOR* ("National Auto Brokers Corporation") litigation. Appellee had served as the judicial law clerk to the Honorable Bernard Snyder, during the *NABCOR* trial, in which a multi-million dollar verdict had been handed down in favor of the *NABCOR* plaintiffs. In an unrelated matter, the *Edgehill* case, appellee was called to testify pursuant to a motion for the recusal of Judge Snyder from the *Edgehill* trial. Appellee was prepared to testify that Judge Snyder and plaintiffs' counsel in the *NABCOR* case, Gustine Pelagatti, Esquire, had colluded improperly in the *NABCOR* matter. An offer of proof was made as to the substance of appellee's testimony. The testimony was disallowed, but the substance of the offer of proof became publicly known through an article in the *Philadelphia Inquirer.*

Following publication of the newspaper article, Gregory Harvey, Esquire, counsel for defendant Philadelphia National Bank in the *NABCOR* case, suggested to Pelagatti that he intended to use appellee's testimony to challenge the

*NABCOR* verdict. Soon thereafter, Pelagatti attempted to dissuade Harvey by relating that he had information that "a Jill Cohen" had been a mental patient at Fairmount State Hospital in May, 1981, prior to appellee's clerkship with Judge Snyder. Pelagatti then began to issue *ex parte* subpoenas for appellee's educational records. The Honorable Harry Takiff issued an order and opinion enjoining Pelagatti from this course of conduct.[1] In the meantime, appellee filed the current suit against Pelagatti and the appellants in this matter, NABCOR and Frank Maiorana. Appellants answered the complaint, and counterclaimed, alleging a civil conspiracy involving appellee to deprive the *NABCOR* plaintiffs of their verdict. Appellee filed preliminary objections to appellants' counterclaims, arguing that the claims were premature prior to actual deprivation of the verdict. On May 7, 1986, the Honorable Joseph T. LaBrum, specially presiding by assignment of the Chief Justice, sustained appellee's preliminary objections, and dismissed the counterclaims, with prejudice, as not ripe.[2] This timely appeal followed.

 A civil conspiracy becomes actionable when some overt act is done in pursuance of the common purpose or design held by the conspirators, *and actual legal damage results. Baker v. Rangos,* 229 Pa.Super. 333, 324 A.2d 498, 506 (1974). It is the *damage,* and not the agreement itself, that is the gravamen of a civil conspiracy suit, and permits a recovery. *Daly v. Bright,* 345 F.Supp. 11, 14 (E.D.Pa. 1972). As such, the existence of identifiable damages, even if nominal, must be established by the facts alleged in support of the cause of action; it is the *fact* of damages, rather than the amount, that is the key inquiry. See *Baker,* supra; also see *Mariscotti v. Tinari,* 335 Pa.Super. 599, 485 A.2d 56, 57 (1984). Where the harm alleged is either

1. See *Cohen v. Pelagatti,* 342 Pa.Super. 626, 493 A.2d 767 (1985).

2. In the meantime, a court en banc has heard oral argument on PNB's post-trial exceptions. The court en banc did not include Judge Snyder, who was removed from the bench in 1985. The court en banc has granted a new trial on all issues. See *NABCOR v. PNB,* 14 Phila. 651 (1986).

speculative, or involves a threat of future harm only, the fact of damages is uncertain, and does not suffice to create a cause of action. *Id.*

In the case *sub judice,* appellants' counterclaims alleged a civil conspiracy to deprive appellants of their verdict in the *NABCOR* case. However, at the time these counterclaims were filed, the post-trial motions in *NABCOR* had yet to be argued, let alone decided; moreover, the matter is still pending, as there is no final judgment. Hence, appellants' counterclaims were not ripe at the time of filing, but set forth a cause of action for speculative or future harm only. A complaint, and likewise, a counter-claim, for civil conspiracy must set forth all of the elements, including actual damages, to withstand a challenge to its legal sufficiency. *Baker,* supra. As such, the trial court acted correctly in finding merit to appellee's demurrer. Furthermore, where a claim's deficiencies cannot be cured by amendment, dismissal of the claim, with prejudice, is appropriate. *Spain v. Vicente,* 315 Pa.Super. 135, 142–143, 461 A.2d 833, 837 (1983). The instant counterclaims could not be cured by amendment, as amendment could not make them ripe when appellants had yet to be deprived of the *NABCOR* verdict through final judgment. As such, the trial court's dismissal of the counterclaims, with prejudice, was proper.

Appellants rely upon the case of *Commonwealth v. Musser Forest, Inc.,* 394 Pa. 205, 146 A.2d 714 (1958), contending that *Musser* forbids the dismissal of a civil conspiracy claim on the basis of demurrer where at least nominal damages have been established. However, appellants' reliance upon *Musser* is misplaced. *Musser* involved a civil conspiracy action to recover damages for the wrongful conversion of trees. The *Musser* court concluded that a prima facie cause of action had been alleged, as the Commonwealth had already sustained actual damage: the trees had already been converted and sold. It was only the proper measure of damages that was uncertain at the time the Commonwealth filed suit. This is clearly distinguish-

able from the instant matter, where the court found that appellants' counterclaims were premised upon damages, nominal or otherwise, which appellants had yet to sustain. It was not the *measure* of damages alleged with which Judge LaBrum found fault; it was the lack of *any* damages as of the date of filing. *Musser*, hence, is inapposite.

Order affirmed.