532 A.2d 1168

**Clara L. BROCK, Appellant,**

v.

**James T. OWENS and Joseph F. Wusinich, III and E. Craig Kalemjian.**

Superior Court of Pennsylvania.

Submitted July 13, 1987.

Filed Sept. 8, 1987.

Reargument Denied Sept. 8, 1987.

Clara Brock, in propria persona.
Richard L. Cantor, Paoli, for Owens, appellee.

Dean R. Phillips, Pottsville, for Wusinich, appellee.

Neil S. Witkes, Philadelphia, for Kalemjian, appellee.

Before CIRILLO, President Judge, and HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This is an appeal from the order of the lower court granting appellees' motion for a compulsory nonsuit. Appellant contends that the lower court erred in (1) granting the motion for a nonsuit after appellees had an opportunity to present evidence; (2) prohibiting her from calling expert witnesses; (3) changing its opinion and theory of the case; (4) prohibiting appellant from introducing all her evidence at trial; (5) allowing her deposition to be used at trial; (6) applying the doctrine of collateral estoppel to the issue of her exhaustion of administrative remedies; and (7) finding her liable for appellees' counsel fees. For the reasons set forth below, we affirm the order of the lower court.

Appellant, a professor at Lincoln University, retained appellee E. Craig Kalemjian, an attorney, in October, 1981 to represent her in litigation charging the university with racial and gender discrimination. Kalemjian filed a complaint in that action in November, 1981 and, in December, 1981, discovered a conflict of interest and withdrew from the case. Appellant then retained appellee Joseph F. Wusinich III. Wusinich represented her until March, 1983, when appellant retained appellee James T. Owens. In July, 1983, the lower court dismissed appellant's complaint for lack of subject matter jurisdiction.[1] This Court affirmed the order in a *per curiam* memorandum. In April, 1985, appellant

---

1. Under her employment contract, appellant was required to file a formal grievance within ten days of the challenged action. Compliance with the grievance procedure was a prerequisite to the filing of a complaint in a court of common pleas. Appellant instituted legal action against Lincoln University before complying with the grievance procedure. After her complaint was filed, appellant filed a formal grievance, which was between one and three years after the various challenged actions occurred. Accordingly, the lower court concluded that it lacked subject matter jurisdiction over the litigation because appellant had failed to exhaust her administrative remedies.

instituted the instant *pro se* malpractice action against appellees, alleging that all three negligently handled her lawsuit against the university. Appellees filed a motion for summary judgment. The lower court, although noting that any issue of material fact had been created by appellant's unsupported assertions, denied the motion and thus gave appellant the opportunity to support her claims at trial. *See* Order, November 26, 1986. At a jury trial, appellees motioned for a compulsory nonsuit at the close of appellant's case. The motions were granted. Appellant filed a written petition for removal of the nonsuit, which was denied, and this appeal followed.

■ Appellant first contends that the lower court erred in granting appellees' motions for a nonsuit because they had presented evidence at trial. A court may grant a compulsory nonsuit only if "the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established." *Mazza v. Mattiace*, 284 Pa. Superior Ct. 273, 277, 425 A.2d 809, 811–12 (1981). *See also Rutter v. Northeastern Beaver County School Dist.*, 496 Pa. 590, 595, 437 A.2d 1198, 1200 (1981). A compulsory nonsuit may not be granted if the defendant has put on evidence. *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 382, 390 A.2d 736, 744 (1978). *See also* Pa.R.Civ.P. 230.1.

■ Thus, to avoid a compulsory nonsuit in the instant case, appellant was required to establish the following elements of legal malpractice:

1. The employment of the attorney or other basis for duty;
2. The failure of the attorney to exercise ordinary skill and knowledge; and
3. That such negligence was the proximate cause of damage to the plaintiff.

*Trice v. Mozenter*, 356 Pa.Superior Ct. 510, 517, 515 A.2d 10, 13 (1986). In addition, a plaintiff must establish by a

preponderance of the evidence that he or she would have prevailed in the underlying litigation. *Id.*, 356 Pa.Superior Ct. at 517, 515 A.2d at 13.

■ Here, appellant called appellees as witnesses and testified herself at trial.[2] No other witnesses were called on her behalf. Appellant testified that she had retained appellees to represent her in the underlying litigation and, thus, presented evidence in support of the first element of her cause of action. N.T. January 21, 1987 at 7, 9, 10. Appellant did not present any evidence, however, to establish that appellees failed to exercise ordinary skill and knowledge, that she would have prevailed in her lawsuit against Lincoln University, or that appellees' failure to use ordinary skill and knowledge in handling her case was the proximate cause of her failure to prevail in that lawsuit. Accordingly, the jury could not have reasonably concluded that appellant had established all the elements of her malpractice action.

■ Appellant argues that the nonsuit was granted improperly, however, because appellees presented evidence before they motioned for a nonsuit. Appellant specifically objects to the fact that appellees' attorney cross-examined her. On cross-examination, appellant was questioned regarding other lawsuits she had filed. We conclude that the information elicited from appellant on cross-examination is not "evidence" within the meaning of *Razumic* and Pa.R. Civ.P. 230.1 because it did not help appellees to establish a defense to appellant's claim. Moreover, appellees motioned for a compulsory nonsuit immediately after appellant rested her case. Accordingly, because appellees had not yet presented evidence, the lower court's grant of their motion was proper.

■ Appellant next contends that the lower court erred in prohibiting her from presenting expert witnesses. She argues that there were three expert witnesses who would

---

2. We are hindered in our review of the notes of testimony because appellant ordered the transcription of only her trial testimony. *See* Pa.R.A.P. 1911(a) (appellant shall order any required transcript).

have helped to establish her claim. Appellant, however, failed to subpoena these witnesses to appear and, therefore, they were not present at trial. Our review of the notes of testimony reveals that at no time did appellant attempt to call expert witnesses nor did the lower court inform appellant that she could not do so. Accordingly, this claim is meritless.

■ Appellant next contends that the lower court erred in changing its opinion and theory of the case. In its order granting in part appellees' preliminary objections, the lower court stated that: "We are satisfied that Plaintiff's Amended Complaint contains all of the elements of legal malpractice, which if proven, would justify relief under the facts alleged therein." Lower Court Opinion, March 3, 1986 at 4. Appellant argues that, because she did not prevail on her claim at trial, the lower court changed its opinion of the case from what it had stated on March 3, 1986. We disagree. In its March 3, 1986 opinion, the lower court stated only that appellant's complaint was sufficient to prevent dismissal and that she had the burden to establish facts at trial to support her claim. As we have stated above, appellant failed to establish the necessary facts at trial. Accordingly, even if relief is theoretically available when a trial court changes its "opinion" of the merits of a claim, the lower court's grant of a compulsory nonsuit was not inconsistent with its March 3, 1986 opinion.

■ Appellant next contends that the lower court erred in not allowing her to present all her evidence at trial. The record does not support this contention. At the close of appellant's case, the trial judge asked her the following:

THE COURT: Any further evidence?

[APPELLANT]: Not now.

THE COURT: It's now or never. Do you have anything else?

[APPELLANT]: Nothing.

THE COURT: Do you rest your case?

[APPELLANT]: Yes.

N.T. January 21, 1987 at 19. Thus, the lower court gave appellant the opportunity to present further evidence in support of her claim. Appellant further argues that the grant of the nonsuit deprived her of the opportunity to introduce evidence through her cross-examination of appellees. A plaintiff, however, has the burden of proving all essential elements of her cause of action during her case-in-chief. *See Downey v. Weston,* 451 Pa. 259, 268–69, 301 A.2d 635, 641 (1973); *Klayman v. Southeastern Pa. Transp. Auth.,* 331 Pa.Superior Ct. 172, 178, 480 A.2d 299, 303 (1984). Accordingly, to avoid a compulsory nonsuit, appellant was required to present all her evidence in her case-in-chief.

■ Appellant next contends that the lower court erred in allowing her deposition to be used against her at trial. She argues that the deposition was inadmissible because it was prepared by a relative of a partner in one of the appellees' law firm. Under the Rules of Civil Procedure, if a witness refuses to sign his or her deposition, the person before whom the deposition was taken shall sign it and state the reason for the witness's refusal. Pa.R.Civ.P. 4017(c). The deposition may then be used at trial as if it were signed by the witness unless the trial court determines that the reason given requires rejection of it in whole or in part. *Id.*

Here, the letter accompanying appellant's deposition was signed by Marion D'Ambrosio. George D'Ambrosio is a law partner of appellee Owens. Appellant was unable to demonstrate that the two are related and we are unable to find any evidence in the record to support that conclusion. Accordingly, the lower court correctly concluded that the reason for appellant's refusal was frivolous and properly allowed the deposition to be used under Pa.R.Civ.P. 4017(c).[3]

3. Moreover, our review of the partial notes of testimony indicates that appellant's deposition was never used against her at trial.

■ Appellant next contends that the lower court erred in prohibiting her from relitigating the issue of the exhaustion of her administrative remedies. She argues that the doctrine of collateral estoppel should not apply because appellees were not parties to the original litigation. We disagree.

Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either "a sword or a shield" by a stranger to the subsequent action, as long as the party against whom the defense is invoked is the same.

*Thompson v. Karastan Rug Mills*, 228 Pa.Superior Ct. 260, 265, 323 A.2d 341, 344 (1974).

Here, appellant attempted to establish that she had exhausted her administrative remedies by complying with the grievance procedure required by her employment contract with Lincoln University. This issue was decided adversely to appellant in her prior lawsuit against Lincoln University. Although appellees were not parties to that lawsuit, appellant is bound by the determination that she failed to exhaust her administrative remedies because she had every opportunity during the first trial to establish her compliance with the grievance procedure. Thus, the lower court correctly denied appellant the opportunity to relitigate this issue at the present trial.

■ Appellant last contends that she is not liable for appellees' counsel fees. We are unable to reach this issue because the lower court has not yet determined liability for counsel fees and has expressly reserved its decision on this issue pending the outcome of this appeal. *See* Opinion, May 6, 1987 at 3.

For the above-stated reasons, we affirm the order of the lower court.

Affirmed.