551 A.2d 1112

**Abdullah Haneef IBN–SADIIKA, Appellant,**

**v.**

**Kim Wm. RIESTER, Esquire and Law Firm.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1988.

Filed Dec. 20, 1988.

398

Abdullah Haneef Ibn–Sadiika, appellant, in propria persona.

Charles K. Mulzet, Pittsburgh, for appellee.

Before BROSKY, MONTGOMERY and HOFFMAN, JJ.

BROSKY, Judge:

This is an appeal from the Order of April 26, 1988, docketed April 28, 1988, which sustained appellees' preliminary objections, in the nature of a demurrer, dismissing appellant's complaint with prejudice.

Appellant now alleges that the trial court erred: (1) in sustaining appellees' demurrer, and dismissing appellant's complaint with prejudice; (2) in concluding that appellant failed to demonstrate in his complaint, that counsel did not exercise ordinary skill and knowledge, and that counsel's negligence was the proximate cause of damage to appellant; (3) in concluding that appellant sought damages for reasons all related to the error of counsel in placing an incorrect docket number on appellant's Superior Court appeal; and (4) in concluding that appellant's complaint failed to state a cause of action against appellees.

Upon review of the record, and the briefs submitted on behalf of the parties,[1] we fail to find merit to appellant's contentions, and affirm the dismissal of the complaint.

Appellant was convicted of first degree murder and robbery on June 27, 1985. His court-appointed trial counsel was appellee Kim Riester, Esq., of the appellee law firm of Scott, Vogrin, and Riester. After proceeding to the penalty phase, the jury informed the trial court on June 28, 1985, that they were hopelessly deadlocked as to whether to impose the death penalty, and the court set the penalty at life imprisonment.

Untimely post-trial, and supplemental post-trial, motions, were filed, bearing an incorrect docket number. The trial court, however, heard argument upon the motions, and denied them. The official judgment of sentence was entered on February 7, 1986, and a timely appeal to this court followed.

Included in the record on appeal was a stipulation between appellee Riester and the assistant district attorney,

---

**1.** Appellant's brief, as well as his reply brief, have been submitted *pro se.*

that an incorrect docket number had been placed upon various documents, including appellant's various post-trial motions, which had resulted in their omission from the record. A panel of this Court, however, refused to consider any of the issues raised on appeal, as the post-trial motions had not been properly filed with the clerk of courts, in violation of 42 Pa.C.S. § 2756(a)(1). The Supreme Court denied allocatur.

Thereafter, on February 2, 1988, appellant filed a *pro se* complaint against appellees, alleging malpractice, breach of contract, and negligence. Appellees responded by filing preliminary objections, including a demurrer, to each of these three counts. The demurrer was granted, and appellant's complaint was dismissed with prejudice on April 26, 1988. This timely appeal followed.

The appellate court's scope of review upon an appeal from the sustaining of preliminary objections in the nature of a demurrer, is well established. The question presented is, whether, upon the facts averred in the complaint, taking all material facts and reasonable inferences deducible from those factors as true, the law says with certainty that no recovery is possible. *ei bon ee baya ghananee v. Black*, 350 Pa.Super. 134, 138, 504 A.2d 281, 283 (1986), citing *Vattimo v. Lower Bucks Hosp., Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983). A demurrer should be sustained and the complaint dismissed only in cases that are clear and free from doubt. *ei bon ee baya ghananee*, supra; *Herron v. Seizak*, 321 Pa.Super. 466, 468 A.2d 803, 804 (1983). Any doubt should be resolved in favor of overruling the demurrer. *ei bon ee baya ghananee*, supra; *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 450 A.2d 36, 38 (1982).

■ We note at the outset that, as in his complaint, appellant's brief contains no argumentation whatsoever in support of any theory of recovery against appellee law firm based on the actions of appellee Riester. When an appellant fails to carry forward, or is indecipherably vague in,

argumentation upon a certain point in his appellate brief, that point is waived. *Pelagatti v. Cohen,* 370 Pa.Super. 422, 536 A.2d 1337, 1341 (1987); *Giant Markets v. Sigma Marketing Systems,* 313 Pa.Super. 115, 126 n. 2, 459 A.2d 765, 771 n. 2 (1983). As such, no cause of action remains as to appellee law firm.

We also note that appellant has not raised any specific challenge to the dismissal of his breach of contract count, and has waived that challenge as well. Pa.R.A.P. 2116(a); *Rago v. Nace,* 313 Pa.Super. 575, 578, 460 A.2d 337, 339 (1983); *Pelagatti,* supra; *Giant Markets,* supra.[2]

What remains, then, is appellant's argumentation pertaining to the dismissal of his malpractice and negligence claims.

A suit for legal malpractice is, in reality, a suit for professional negligence. See *Trice v. Mozenter,* 356 Pa.Super. 510, 515 A.2d 10, 13 (1986). As such, for purposes of our discussion *infra,* we shall treat appellant's malpractice and negligence counts as one count, and determine whether, when taken together with the more general counts of appellant's complaint,[3] appellant's contentions on appeal to the effect that his complaint was sufficient, contain any merit. To this end, we shall be treating contentions (1), (2), and (4) as one challenge to the trial court's dismissal of a sufficient complaint, and shall discuss contention (3) within that context.

**2.** Moreover, such a challenge would have been without merit. It has already been established that a contract of employment does not exist between a defendant and court-appointed counsel, and that a legal malpractice action against court-appointed counsel will lie only in trespass. *Moore v. McComsey,* 313 Pa.Super. 264, 459 A.2d 841, 843 (1983).

**3.** While, as appellees' brief highlights, appellant should have pled all allegations pertaining to professional negligence, including special damages related thereto, in one count, in keeping with Pa.R.C.P. 1020, we elect to take a more liberal approach to appellant's inartful pleading, in light of its *pro se* nature. See *ei bon ee baya ghananee,* supra, 350 Pa.Superior Ct. at 140, 504 A.2d at p. 284.

The three elements of a cause of action for professional negligence (or legal malpractice) are: (1) the employment of the attorney or other basis for his duty to act as an attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *Trice,* supra; *Duke & Co. v. Anderson,* 275 Pa.Super. 65, 71, 418 A.2d 613, 616 (1980); *Schenkel v. Monheit,* 266 Pa.Super. 396, 405 A.2d 493, 494 (1979). Additionally, the plaintiff must be able to establish by a preponderance of the evidence that he or she would have prevailed in the underlying litigation. *Brock v. Owens,* 367 Pa.Super. 324, 328–329, 532 A.2d 1168, 1170 (1987); *Trice,* supra; *Duke,* supra.

■ Appellant's contentions (1), (2) and (4), are essentially alleging that the trial court mistakenly held that the complaint did not contain any facts to support elements (2) and (3).[4] Contention (3) is, in that context, a challenge to the trial court's finding that appellant's sole allegation in support of element (2), was the incorrect docketing, which, according to the trial court, had no bearing upon the dismissal of appellant's appeal of his conviction.

We begin, then, with a discussion of element (2), the failure of appellee counsel to exercise ordinary skill and knowledge, as it relates to contention (3).

Upon doing so, we find that appellant is correct in his assertion that the trial court misperceived the import of the docket number question. Clearly, the stipulation by counsel did not alter the Superior Court result; our Court did dismiss the appeal for failure to file post-trial motions properly with the clerk of courts.[5]

4. It is not in dispute that element (1) was set forth by the allegations of appellant's complaint. An attorney's status as court-appointed provides the "basis for duty" for purposes of element (1). *Reese v. Danforth,* 486 Pa. 479, 484–485, 406 A.2d 735, 737 (1979).

5. While out Court also could have dismissed the motions based on untimeliness alone, the docketing error was the fatal blow to appellant's appeal upon which our Court relied.

Furthermore, appellant is also correct in his assertion that his complaint enumerated other acts in support of element (2), such as the failure of appellee counsel to subpoena helpful witnesses and make various objections at trial to damaging Commonwealth evidence.

As such, we do, for the limited purpose of determining whether element (2) was sufficiently pled, find merit to contention (3), and hold that appellant set forth sufficient facts in support of element (2).

■ It is only the presence or absence of element (3), pertaining to damages and proximate cause, which remains for our determination.

When it is alleged that an attorney has committed professional negligence and caused damage to his client as a result, nominal damages, speculative harm, or the threat of future harm, do not provide the basis for a cause of action: there must be proof of actual loss. *Trice*, supra; *Mariscotti v. Tinari*, 335 Pa.Super. 599, 485 A.2d 56, 57 (1984). The test for determining whether damages are remote or speculative does not concern whether the amount can yet be calculated, but deals with the more basic question of whether there are identifiable damages; it is the fact of damages, rather than the amount that is the key inquiry. *Cohen v. Pelagatti*, 364 Pa.Super. 573, 528 A.2d 657, 658 (1987); *Mariscotti*, supra.

Appellant argues that he did, indeed, plead identifiable damages, in the form of false imprisonment and intentional infliction of emotional distress, as proximately caused by appellee counsel's negligence.

That incarceration constitutes actual, identifiable damage, has been established in a series of cases pertaining to professional negligence. See *Garcia v. Community Legal Services Corp.*, 362 Pa.Super. 484, 524 A.2d 980, 983 (1987); *Moore v. McComsey*, supra. Hence, we find no difficulty in

concluding that the complaint avers an actual loss in averring false imprisonment.

Similarly, it has been held that the tortious infliction of emotional distress may also constitute actual harm in a professional negligence suit. See *ei bon ee baya ghananee,* supra, 350 Pa.Superior Ct. at 138–141, 504 A.2d at pp. 283–84.[6]

It is with respect to the matter of proximate causation, however, that we find fault with the complaint.

Proximate cause has previously been defined by our Court in the following manner:

> ... The question of foreseeability is not to be confused with the question of legal or proximate causation. *Little v. York County Earned Income Tax Bureau,* 333 Pa.Super. 8, 481 A.2d 1194, 1197 (1984). Even where harm to a particular plaintiff may be reasonably foreseeable from the defendant's conduct, and that conduct is the cause-infact of the plaintiff's harm, the law makes a determination that, at some point along the causal chain, liability will be limited. The term "proximate cause", or "legal cause" is applied by courts to those considerations which limit liability, even where the fact of causation can be demonstrated. Because of convenience, public policy, or a rough sense of justice, the law arbitrarily declines to

---

**6.** In the *ei bon ee baya ghananee* case, appellant, in his *pro se* complaint, alleged that his attorney had negligently failed to protect his appellate rights, thereby causing him injury in the form of "great pain and mental anguish". Our Court held that such averments of mental distress, alone, were sufficient to preclude the sustaining of a demurrer.

We are wary of the position taken in *ei bon ee baya ghananee,* as the portions of the complaint quoted in the opinion do not demonstrate that appellant averred facts setting forth why he would have prevailed in the underlying litigation if his counsel had not been negligent. See *Brock,* supra; *Trice,* supra; *Duke,* supra. However, at the very least, *ei bon ee baya ghananee* is distinguishable in that appellant therein did allege bodily harm as flowing from the emotional distress; at a minimum, there must be pled some injury to the person that may later be verifiable by expert medical testimony. See *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988, 995 (1987). Appellant here pled no identifiable physical injury to his nerves or otherwise capable of expert confirmation.

trace a series of events beyond a certain point, as no longer a "proximate" or "legal" consequence naturally flowing from the wrongdoer's misconduct. See *Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 516 A.2d 672, 676 (1986); see also *Palsgraf* [*v. Long Island R. Co.*], supra [248 N.Y. 339], 162 N.E. [99] at p. 103 [(1928)]. To put it simply, at a certain point, negligent conduct will be viewed as too remote from the harm arising to the plaintiff, and thus not a substantial factor in bringing about the plaintiff's harm.

*Alumni Ass'n v. Sullivan*, 369 Pa.Super. 596, 535 A.2d 1095, 1098 (1987).

Hence, to support a showing of "proximate causation", appellant would have had to allege how appellee's negligence was a substantial factor in bringing about his incarceration and emotional distress, or, more simply put, how, had appellant's appellate rights been properly preserved, he would have been successful at the post-trial and/or appellate stage. *Brock*, supra; *Trice*, supra.

Appellant's complaint contains no averments whatsoever as to how, or upon what ground, he would have been successful in securing a new trial, or arrest of judgment, and, presumedly, his freedom from prison, and from the emotional distress accompanying incarceration.

As such, we now find that element (3), damages proximately caused by the alleged professional negligence, was not sufficiently pled, and, at the very least, the trial court acted correctly in sustaining the demurrer.

■ Appellant, however, has also argued that any defects in his complaint are capable of being remedied. Therefore, he states, the trial court should not have dismissed his complaint with prejudice, but should have granted him leave to amend.

The right to amend should be liberally granted, absent an error of law or resulting prejudice to an adverse party.

*Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600, 602 (1983); Pa.R.C.P. 1033. However, the right to amend is not absolute. Where the initial pleading reveals that the complaint's defects are so substantial that amendment is not likely to cure them, and that the prima facie elements of the claims asserted will not be established, the right to amend is properly withheld. See *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833, 837 (1983); also see *Behrend v. Yellow Cab Company,* 441 Pa. 105, 271 A.2d 241, 243 (1970). Furthermore, the decision to grant or deny leave to amend is within the sound discretion of the trial court, and will not be reversed absent a clear abuse of discretion. *Junk v. East End Fire Dep't,* 262 Pa.Super. 473, 396 A.2d 1269, 1277 (1978).

Our review of the complaint convinces us that the trial court did not abuse its discretion in denying leave to amend. Appellant's allegations concerning witnesses that should have been called, and evidence that should have been objected to, are appallingly vague and conclusory. Even in our liberalized system of fact pleading, greater specificity is required. *Feingold v. Hill,* 360 Pa.Super. 539, 521 A.2d 33, 38 (1987); *Baker v. Rangos,* 229 Pa.Super. 333, 324 A.2d 498, 505 (1974); Pa.R.C.P. 1019(a). Moreover, appellant's brief does not contain any additional factual averments, demonstrating how appellee counsel's above omissions affected the outcome of appellant's trial, or would have provided a basis for post-trial relief. As such, we are given no reason to believe that amendment would cure the defects in this complaint. See, *Feingold,* supra, 360 Pa.Superior Ct. at 551, 521 A.2d at p. 39.

In light of the foregoing, we now find that the trial court's dismissal of appellant's complaint with prejudice, was not an abuse of discretion.

ORDER AFFIRMED. JURISDICTION RELINQUISHED.