622 A.2d 977

**Anthony John VENERI, Jr., Appellant,**

v.

**Robert F. PAPPANO, Esquire, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1993.

Filed April 1, 1993.

Anthony J. Veneri, pro se.

Patricia N. Holsten, Media, for appellee.

Before OLSZEWSKI, TAMILIA and BROSKY, JJ.

OLSZEWSKI, Judge:

The following is an appeal from Hon. Joseph F. Battle's order sustaining appellee Pappano's preliminary objections to Anthony Veneri's complaint. We affirm.

In 1979, Veneri was convicted of two related robberies and sentenced to twenty-five to fifty years incarceration. After Veneri's direct appeal rights were exhausted, Veneri began a sojourn along both the state and federal collateral relief avenues.[1] In 1988, Veneri's PCHA petition was denied by the Delaware County Court of Common Pleas. Although the record does not disclose the nature of Veneri's claim, and he makes no effort to inform us of it, Pappano, a member of the Delaware County Public Defender's Office, was assigned to act as Veneri's appellate counsel. This Court affirmed the trial court's dismissal of the PCHA petition. Veneri allegedly informed Pappano that he wished to file a petition for allowance of appeal to our Supreme Court. Counsel did not file the petition. Veneri therefore filed the petition *pro se.*

Veneri then filed this action against Pappano claiming that Pappano was negligent in failing to file the petition for allowance of appeal. The trial court sustained Pappano's preliminary objection in the form of a demurrer and dismissed the complaint. Veneri appeals this order.

■ Before addressing the veracity of Veneri's complaint, we are obliged to comment on Pappano's contention that he can avail himself of statutory immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, as an employee of the Delaware County Public Defender's Office. He cannot. Our Supreme Court has held that once a public defender is assigned to assist a criminal defendant, his public function ceases and he is subject to civil liability for tortious conduct. *Reese v. Danforth*, 486 Pa. 479, 406 A.2d 735 (1979). Moreover, this Court has held that although *Reese* was not decided under the current immunity statutes, its reasoning applies equally to public defenders seeking to avail themselves

---

1. As of this date, Veneri has filed three PCRA petitions and two petitions each under the PCRA and federal *habeas corpus* statutes. All of these petitions have been unsuccessful.

of immunity under the Political Subdivision Tort Claims Act. *Williams v. Office of Public Defender,* 402 Pa.Super. 188, 586 A.2d 924 (1990). Thus, Pappano is not immune from civil liability.

Nevertheless, we cannot find that Veneri's complaint states a cause of action in negligence against Pappano. When considering a ruling on preliminary objections in the form of a demurrer, our standard of review is well settled:

> All material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be in favor of overruling it.

*Muhammad v. Strassburger, et al.,* 526 Pa. 541, 547, 587 A.2d 1346, 1349 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991) (quoting *Vattimo v. Lower Bucks Hospital,* 502 Pa. 241, 243–45, 465 A.2d 1231, 1232–1233 (1983) (citations omitted)).

Veneri's complaint alleges that Pappano was assigned as appellate counsel and that despite Veneri's request, Pappano failed to file a petition for allowance of appeal. Veneri alleges that had he not been aware of the law's intricacies, which he learned through personal teachings at the state prison, he would have been unable seek federal *habeas corpus* relief as a result of his failure to exhaust state remedies. Veneri prays for the value of his services in filing the *pro se* petition for allowance of appeal and for $250,000 in compensatory and punitive damages. We find these allegations insufficient to survive a demurrer.

> The three elements of a cause of action for professional negligence (or legal malpractice) are (1) the employment of the attorney or other basis for his duty to act as an attorney, (2) the failure of the attorney to exercise ordinary skill and knowledge, and (3) that such negligence was the proximate cause of damage to the plaintiff. Additionally, the plaintiff must be able to establish by a preponderance of

the evidence that he or she would have prevailed in the underlying litigation.

*Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 403, 551 A.2d 1112, 1115 (1988) (citations omitted). We find that Veneri has simply not alleged sufficient damage.[2]

In a professional malpractice case, "nominal damages, speculative harm, or the threat of future harm, do not provide a basis for a cause of action." *Id.* at 403, 551 A.2d at 1115. Here, the only real harm that Veneri claims to have suffered from Pappano's failure to file the petition is the possibility that he would have lost his right to file for federal *habeas* relief had Veneri not filed the petition himself. These damages could not be more speculative. Veneri did protect his right to pursue federal *habeas* relief, and was therefore not damaged by Pappano's failure to file the petition.

Finally, to the extent that Veneri seeks "compensatory" damages for the reasonable value of the effort it took him

**2.** We note that after this case was submitted to this Court, our Supreme Court redefined the cause of action for malpractice against a criminal defense attorney. In *Bailey v. Tucker,* —— Pa. ——, 621 A.2d 108, No. 34 W.D. Appeal Docket 1987 (Pa.Supreme Court, filed 2/26/93), the Court incorporated principles of immunity into the cause of action, making the pleading requirements more rigorous than under the law by which we are addressing the sufficiency of Veneri's complaint here. Under *Bailey,* a plaintiff must plead and prove: (1) the employment of the attorney, (2) the attorney's reckless and wanton disregard for the defendant's interests, (3) that the attorney's conduct proximately caused the plaintiff injury, *i.e.,* "but for" the attorney's conduct the plaintiff would have obtained an acquittal or complete dismissal of the charges, (4) that the plaintiff suffered damages, and (5) that the plaintiff has sought and will win (or has already won) post-trial relief dependent on the attorney's conduct. *Id.,* at —— —— ——, 621 A.2d 108.

Normally, a new judicial decision is applied retroactively to all cases pending on direct appeal unless the decision specifically declares the new ruling to be prospective only. *Blackwell v. Commonwealth, State Ethics Commission,* 527 Pa. 172, 589 A.2d 1094 (1991). However, the retroactive effect of new judicial decisions is considered on a case-by-case basis, taking into account the purposes of the new rule, reliance on the old rule by the parties, and the effect of administering justice by applying the new rule retroactively. *Id.; Desist v. United States,* 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). We need not decide in this case whether *Bailey* will be given retroactive effect to complaints filed before February 26, 1993, because our decision rests on our finding that Veneri has not pled sufficient damages, a fatal defect under both *Bailey* and pre-*Bailey* law.

to file the petition himself, he has not alleged that he has a chance of prevailing in the underlying litigation, *i.e.*, his federal *habeas corpus* claims. He does not indicate the nature of his claims or that he is likely to successfully obtain relief by relying on them.[3] His complaint was therefore properly dismissed. *Ibn–Sadiika,* 380 Pa.Super. at 405, 551 A.2d at 1116 (failure to allege potential success of underlying litigation is fatal to allegation that alleged malpractice "proximately caused" harm).

The order sustaining the demurrer to Veneri's complaint is affirmed.

622 A.2d 979

**In re B.B.**

---

**3.** In fact, as we noted above, Veneri has applied twice for federal *habeas* relief and both petitions were dismissed.