J-A18010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| LSF9 MASTER PARTICIPATION TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| THOMAS H. EHRENSBERGER | |
| Appellant | No. 1239 WDA 2016 |

Appeal from the Order July 20, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-10-012424

BEFORE:  BOWES, LAZARUS, AND OTT, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JUNE 27, 2017**

Thomas H. Ehrensberger appeals *pro se* from the July 20, 2016 order denying his petition to open a default judgment.  We dismiss this appeal.

On June 30, 2010, Appellee's predecessor-in-interest instituted this mortgage foreclosure action against Appellant, when he failed, starting on May 1, 2008, to make payments on a mortgage secured by property located at 123 Wedgewood Drive, Gibsonia.  After proper notice, default judgment in the amount of $520,956.34 was entered on February 1, 2012, due to Appellant's failure to file an answer.  The sheriff's sale was stayed while Appellant participated in an Allegheny County program designed to save homes from foreclosure.  On December 15, 2014, the stay on the case was lifted as the program proved ineffectual.  Seventeen months later, on May

27, 2016, Appellant filed a motion to open the default judgment, which the trial court denied as untimely filed. *See Dumoff v. Spencer*, 754 A.2d 1280 (Pa.Super. 2000) (petition to open default judgment may be granted only when it is promptly filed; trial court properly denied petition to open when party waited eleven months to file petition to open default).

This appeal followed. Appellant's brief fails to comply with any applicable rule of appellate procedure, he refers to no legal authority, and his argument is indecipherable. Specifically, the brief does not contain a statement of jurisdiction, the text of the order on appeal, a statement of questions involved, a statement of the factual and procedural background of the case, a summary of the argument, a statement of our standard and scope of review, or a table of citations. Pa.R.A.P. 2111, 2114-2118. It is replete with factual assertions that are unsupported by reference to documents of record and contained in a reproduced record, which violates Pa.R.A.P. 2132. There is no legal authority cited. Pa.R.A.P. 2119(a) (brief's argument portion must include "discussion and citation of authorities as are deemed pertinent").

Since Appellant's brief is so defective under the Rules of Appellate Procedure as to preclude effective appellate review, we will not consider the merits of his arguments. *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa.Super. 2006) ("this Court may quash or dismiss an appeal if the appellant fails to conform substantially to the briefing requirements set forth

in the Pennsylvania Rules of Appellate Procedure"). Appellant's failure to provide legal authority also results in waiver. ***Korn v. Epstein***, 1727 A.2d 1130, 1135 (Pa.Super. 1999) (citation omitted) ("Where the appellant has failed to cite any authority in support of a contention, the claim is waived.") Finally, we find waiver due to a lack of a discernable challenge to the ruling on appeal. ***Ibn-Sadiika v. Riester***, 551 A.2d 1112, 1114 (Pa.Super. 1988) ("When an appellant fails to carry forward, or is indecipherably vague in, argumentation upon a certain point in his appellate brief, that point is waived."). Appellant's *pro se* status does not absolve him of the responsibility to comply with the rules of appellate procedure, cite legal authorities, and develop cogent argument on the pertinent issue. ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 337 (Pa.Super. 1999) ("*pro s*e representation does not relieve appellant of his duty to properly raise and develop his appealable claims")

The April 27, 2017 Application for Voluntary Substitution of Appellee and Entry of Appearance is granted. LSF9 MASTER PARTICIPATION TRUST is substituted as the Appellee in this appeal. Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/2017