J-A02010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| CAROLE I. SCHEIB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROZBERIL | : | No. 493 WDA 2017 |

Appeal from the Order March 20, 2017
In the Court of Common Pleas of Allegheny County Civil Division at No(s):
GD-16-003162

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

JUDGMENT ORDER BY BOWES, J.:            FILED JANUARY 12, 2018

Carole I. Scheib appeals pro se from the March 20, 2017 order dismissing this action.  We dismiss this appeal as the matter involved in the lawsuit is res judicata, this action was filed in violation of two orders previously upheld by this Court, and Appellant's arguments are indecipherable.

On March 3, 2016, Appellant instituted this action in ejectment and to quiet title by filing a pro se complaint asserting that she owned real estate located at 54 Lawson Avenue, Pittsburgh, which Appellee purchased on February 24, 2016.  We have garnered the following facts from a previous appeal filed by Appellant.  Scheib v. Keystone Residential Properties, LLC, 62 A.3d 449 (Pa.Super. 2012) (unpublished memorandum) (dismissing appeal due to indecipherable argument and based upon the fact that the matter of Appellant's interest in 54 Lawson Avenue was res judicata).

Appellant previously owned 54 Lawson Avenue, but she and her husband lost it in a 1998 foreclosure action brought by Mellon Bank, N.A. No appeal was filed in the foreclosure case, and Appellant was evicted from the property.

Appellant, on occasion assisted by her husband, thereafter began to institute lawsuits wherein she claimed to own 54 Lawson Avenue, and those cases were construed as collateral attacks on the validity of the foreclosure action. Her repetitive attempts to litigate the question of whether she owned the property in question resulted in the entry of a July 7, 2003 order that prohibited Appellant from filing legal documents unless the documents were drafted by an attorney or permitted by the court. This order was affirmed on appeal. Scheib v. Port Authority Transit Company, 852 A.2d 1263 (Pa.Super. 2004) (unpublished memorandum) (noting that Appellant had a history of filing, both in federal and state court, indecipherable and frivolous court documents). Despite the July 7, 2003 order, Appellant filed a pro se action in 2012 against Keystone Residential Properties, LLC, and Michael Bernick, and, in that lawsuit, she again asserted that she owned 54 Lawson Avenue. In the 2012 case, the trial court dismissed the action based upon the doctrine of res judicata, and it entered an order specifically prohibiting Appellant from filing anything further absent court approval. We affirmed both rulings on appeal. Scheib v. Keystone Residential Properties, supra.

Appellee bought 54 Lawson Avenue on February 24, 2016, and, despite the two orders prohibiting her from doing so, Appellant managed to file this action against him on March 3, 2016. She again asserted that she owned the property that she lost in the foreclosure action instituted nearly twenty years ago. Once the trial court realized that this case was filed in violation of the 2012 order enjoining Appellant from filing an action without prior court approval, the trial court dismissed the case, and this appeal followed.[1]

We dismiss this appeal because: 1) this matter is res judicata; 2) Appellant should not have been allowed to file the lawsuit in the first instance as two prior orders, which both were upheld on appeal, prohibited her from doing so; and 3) the arguments that Appellant raise primarily relate to the validity of the 1998 mortgage foreclosure proceeding and are incomprehensible and incapable of being addressed. Ibn-Sadiika v. Riester, 551 A.2d 1112, 1114 (Pa.Super. 1988) ("When an appellant fails to carry forward, or is indecipherably vague in, argumentation upon a certain point in his appellate brief, that point is waived.").

Appeal dismissed.

---

[1] Appellee moved to quash the appeal as frivolous, but that motion was dismissed without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/12/2018