J-S31013-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DANIEL STOVALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN KALLENBACH | : | No. 1683 WDA 2018 |

Appeal from the Order Entered October 26, 2018
In the Court of Common Pleas of Erie County Civil Division at No(s):
11399 of 2017

BEFORE:   OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                           FILED JULY 2, 2019

Appellant, Daniel Stovall, appeals from the order entered on October 26, 2018, sustaining preliminary objections and dismissing, with prejudice, Appellant's legal malpractice complaint against his former court-appointed criminal defense attorney, Kevin Kallenbach, Esquire (Attorney Kallenbach). We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On May 15, 2017, [Appellant] filed a pro se civil [c]omplaint alleging that his former court[-]appointed criminal defense counsel, Kevin Kallenbach, [] committed legal malpractice. [Appellant's] claim relates to Attorney Kallenbach's representation of him during a two day criminal trial for driving under the influence [of controlled substances], [in] Erie County[.]  The jury found [Appellant] guilty on June 10, 2015.  On July 20, 2015, the trial court sentenced him to 14 to 28 months' incarceration, within the standard range of the guidelines.  [Appellant] appealed and [this] Court affirmed his judgment of sentence.  [Appellant's]

petition for allowance of appeal with the Pennsylvania Supreme Court was denied on February 15, 2017.

On March 22, 2017[, Appellant] filed a petition pursuant to the Post Conviction [] Relief Act (PCRA) alleging ineffective assistance of counsel. [Appellant's] PCRA claim was denied by the [PCRA] court on June 19, 2017, and affirmed by [this] Court on March 13, 2018 in [an unpublished memorandum].

Prior to the resolution of his PCRA appeal, [Appellant] filed the [subject] civil action for malpractice on May 15, 2017. [Appellant's] pro se [c]omplaint failed to contain a [c]ertificate of [m]erit or a [n]otice to [p]lead. [Appellant] also failed to file a [c]ertificate of [m]erit, as required by Pa.R.C.P. [] 1042.3, within sixty (60) days of filing his [c]omplaint.

On March 9, 2018, Attorney Anthony Rodriques, entered an appearance on behalf of [Appellant]. On March 19, 2018, Attorney Rodriques filed a [c]ertificate of [m]erit in which Attorney Rodriques acted as the certifying expert, as well as counsel of record. Attorney Rodriques also filed a [m]otion to [a]mend [the] [c]omplaint. On June 1, 2018, [the trial c]ourt struck the [c]ertificate of [m]erit pursuant to [] Parkway Corporation v. Edelstein, 861 A.2d 264 (Pa. Super. 2004) (both the spirit and the intent of [Pa.R.C.P.] 1042.3, requiring a certificate of merit, would be defeated [to] allow the same attorney to assume dual roles as both the attorney certifying that malpractice has occurred and the attorney hoping to attain pecuniary benefit as plaintiff's legal counsel. To allow otherwise poses grave potential for an ethical conflict of interest).

Appellant's [m]otion to file an [a]mended [c]omplaint was granted. [Appellant's] [a]mended [c]omplaint raised two counts against his former criminal trial counsel, Attorney Kevin Kallenbach. The first count was a legal malpractice claim based on a theory of breach of contract. The second count claimed a tort-based theory of intentional infliction of emotional distress. [Attorney Kallenbach] filed [p]reliminary [o]bjections to [Appellant's] [a]mended [c]omplaint in the nature of a demurrer. On October 26, 2018, [the trial c]ourt granted [Attorney Kallenbach's] [p]reliminary [o]bjections and dismissed the [a]mended [c]omplaint with prejudice [because Appellant] failed to state [] valid causes of action.

On November 26, 2018, Appellant filed a [n]otice of [a]ppeal and on December 18, 2018, in response to [the trial c]ourt's

- 2 -

[Pa.R.A.P.] 1925(b) [o]rder, Appellant filed a timely [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal[. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 14, 2019.]

Trial Court Opinion, 1/14/2019, at 1-3.

Appellant has not set forth a statement of questions presented in his appellate brief. See Pa.R.A.P. 2116. In fact, his appellate brief barely adheres to the minimum briefing requirements under our rules of appellate procedure. See generally Pa.R.A.P. 2111-2119. However, as we are able to glean the appellate issue presented, our review is unhampered. In essence, Appellant challenges the order sustaining preliminary objections, arguing that "the [trial] court should have given Appellant the opportunity to amend the complaint." Appellant's Brief at *3 (unpaginated).

We review appeals from orders sustaining preliminary objections in the nature of a demurrer under the following standard:

A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where

there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

412 North Front Street Associates, LP v. Spector Gadon & Rosen, P.C., 151 A.3d 646, 656 (Pa. Super. 2016) (internal citations omitted).

As this Court explicitly stated in Moore v. McComsey, 459 A.2d 841 (Pa. Super. 1983) and Ibn-Sadiika v. Riester, 551 A.2d 1112, 1114 n.2 (Pa. Super. 1988), a criminal defendant has no breach of contract action against court-appointed counsel, including the public defender. See Moore, 459 A.2d at 844; Riester, 551 A.2d at 1114 n.2.

We have held that tortious infliction of emotional distress may constitute actionable harm in a professional negligence suit. See Riester, 551 A.2d at 1116. At a minimum, however, a plaintiff must plead some identifiable, physical injury to his person that is verifiable by expert medical testimony. Id. at 1116, n.6, citing Kazatsky v. King David Memorial Park, 527 A.2d 988, 995 (Pa. 1987); see also Armstrong v. Paoli Memorial Hosp., 633 A.2d 605, 609 (Pa. Super. 1993) ("Physical injury must be averred to sustain a

cause of action for negligent infliction of emotional distress."). Furthermore, we have opined:

> The requirement that physical harm must accompany emotional distress to state a cause of action is based on the Restatement (Second) of Torts § 436A []. Temporary fright, nervous shock, nausea, grief, rage, and humiliation if transitory are not compensable harm; but, long continued nausea or headaches, repeated hysterical attacks or mental aberration are compensable injuries. This Court applied the Restatement standards to a case in which the plaintiff averred "headaches, shaking, hyperventilation, nightmares, shortness of breath, lack of control over the bowels, and tightening of the muscles in the neck, back and chest" and found that she had stated a cause of action for negligent infliction for emotional distress when her employer wrongfully coerced her to enter an abusive substance abuse program. Crivellaro v. Pennsylvania Power and Light, 491 A.2d 207 (Pa. Super. 1985). Relying on Comment c to § 436A, a panel of this Court held that "symptoms of severe depression, nightmares, stress and anxiety, requiring psychological treatment, and … ongoing mental, physical and emotional harm" sufficiently stated physical manifestations of emotional suffering to sustain a cause of action. Love v. Cramer, 606 A.2d 1175 (Pa. Super. 1992). Cases which the Crivellaro court collected from other jurisdictions cite depression, nightmares, nervousness, insomnia and hysteria as physical symptoms warranting recovery. Crivellaro, 491 A.2d at 210.

Armstrong, 633 A.2d at 609.

Upon review of the record in this case, we discern no abuse of discretion or error of law in sustaining Attorney Kallenbach's preliminary objections and dismissing Appellant's complaint. Here, Appellant's amended complaint alleged a breach of contract against Attorney Kallenbach, "the Defendant, Assistant Public Defender, [who] was assigned as legal counsel." First Amended Complaint, 6/21/2018, at ¶ 3. Appellant alleged that Attorney

Kallenbach committed breach of contract by failing to: review discovery, vigorously represent Appellant, apply timely for pro hoc vice admission of retained counsel, and prepare for trial, as demonstrated by his last minute request for a continuance. Id. at ¶¶ 16-21. However, as previously mentioned, breach of contract claims are not cognizable actions against court-appointed counsel, including the public defender. See Moore and Riester, supra. As such, the trial court properly sustained Attorney Kallenbach's preliminary objection to Appellant's breach of contract claim.[1]

Upon further review, in support of his intentional infliction of emotional distress claim, Appellant averred that he "sought psychological counseling" for his "physiological injuries" that were proximately caused as the result of "being incarcerated in state prison." First Amended Complaint, 6/21/2018, at ¶¶ 24-25. Such averments do not sufficiently state physical manifestations of emotional suffering to sustain a cause of action as required. As such, Appellant failed to state a valid claim for the intentional infliction of emotional distress and the trial court properly sustained Attorney Kallenbach's preliminary objection in this regard.

Finally, turning to Appellant's argument that the trial court should have permitted him to amend his complaint, we have previously determined:

_____

[1] Moreover, we agree with the trial court's assessment that because there is no contractually based legal malpractice claim against court-appointed counsel, "[n]o amendment to Appellant's complaint [could] change that reality." Trial Court Opinion, 1/14/2019, at 6.

> Pa.R.C.P. 1033 provides that a party, by leave of court, may amend his pleading at any time. The decision whether to allow a proposed amendment of a pleading is within the sound discretion of the court below, and that decision will not be disturbed on appeal absent an abuse of discretion. There is, however, a prohibition against amendments which add a new cause of action to a complaint after the running of the statute of limitations. Though the right to amend a pleading is to be construed liberally, amendment will not be permitted after the running of the statute of limitations if it introduces a new cause of action. A new cause of action arises if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed.

Matos v. Rivera, 648 A.2d 337, 340 (Pa. Super. 1994). A claim for the intentional infliction of emotional distress is governed by a two-year statute of limitations. See 42 Pa.C.S.A. § 5524(7).

Here, Appellant alleged that trial counsel inflicted emotional distress upon him when he was convicted and sentenced in the underlying criminal matter. Appellant was sentenced on July 20, 2015. Thus, he had until July 20, 2017 to timely amend his complaint before the statute of limitations on his intentional infliction of emotional distress claim ran. Appellant sought to amend his claim well after July 20, 2017. Because Appellant did not originally plead that he sustained physical injuries as a result of Attorney Kallenbach's alleged actions as discussed in detail above, however, he cannot now change the operative facts supporting his intentional infliction of emotional distress claim to do so after the statute of limitations had run. Accordingly, for all of the foregoing reasons, we discern no abuse of discretion or error of law in

sustaining Attorney Kallenbach's preliminary objections and dismissing Appellant's complaint with prejudice.[2]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019

_____

[2] Finally, we note that we have received and reviewed pro se correspondence from Appellant filed with this Court on June 18, 2019. However, because Appellant has not requested obtainable relief from this Court, we need not address it.