J-A09026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLE L. SCHEIB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE BANK OF NY MELLON, N.A. | : | No. 952 WDA 2020 |
| F/K/A MELLON BANK NA | : | |

Appeal from the Order Entered August 11, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-20-001980.

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:       **FILED APRIL 9, 2021**

Carole L. Scheib appeals *pro se* from the order granting the preliminary objections filed by The Bank of NY Mellon, N.A., F/K/A Mellon Bank NA, ("the Bank"), and dismissing the action with prejudice.

This appeal involves Scheib's latest attempt to relitigate the entry of a default judgment entered against her in a mortgage foreclosure action, and her subsequent eviction from her home located at 54 Lawson Avenue in Crafton, Pennsylvania.

On February 6, 2020, Scheib filed the complaint at issue, in which she asserted various counts including "Abuse of Power," "Official Oppression,"

_____

[*] Retired Senior Judge assigned to the Superior Court.

"Misrepresentation," "Lender Liability," and "Criminal Intent." In her prayer for relief, Scheib sought a full and final resolution of her claims regarding the Crafton property. In response, the Bank filed preliminary objections based on improper service, failure of pleadings to confirm with law or rule of court, failure to state a claim, and *res judicata*/collateral estoppel. By order entered August 11, 2020, the trial court granted the Bank's preliminary objections and dismissed the case with prejudice, based upon *res judicata*, because, in the past Scheib had challenged the default judgment and eviction without success.

The trial court summarized Scheib's claim in the present appeal, as well as her prior litigation, as follows:

> As to this case, [Scheib] complains that during the telephonic hearing on the preliminary objections, the court mentioned the existence of orders entered by other Allegheny County judges that prohibit her from filing pleadings unless drafted by an attorney or by leave of court.
>
> The first of these orders was entered by Judge [Ronald] Folino on July 7, 2003 at GD-00-15770, appealed at 1454 WDA 2003, and affirmed in an unpublished memorandum at **Scheib v. Port Authority Transit Company**, 852 A.2d 1263 (Pa. Super. 2004) [(nothing that Scheib had a history of filing, both in federal and state court, indecipherable and frivolous court documents)].
>
> The second order was entered by Judge [Judith] Friedman on January 3, 2012 at GD 11-18030, appealed at 634 WDA 2012, and affirmed in an unpublished memorandum at **Scheib v. Keystone Residential Properties, LLC**, 62 A.3d 449 (Pa. Super. 2012) (dismissing action involving the Crafton property upon the doctrine of *res judicata*)]. These two orders (plus another order on March 10, 2017 by Judge Friedman continuing the prohibition against pro se filing) were affirmed most recently in **Scheib v. Rozberil**, GD 16-003162, appealed at 493

WDA 2017, affirmed at 183 A.3d 1056 (Pa. Super. 2018) [(unpublished judgment order)].

Beside the three Superior Court appeals noted above, [Scheib] has filed an additional five Superior Court and two Commonwealth Court appeals regarding her mortgage foreclosure.

Trial Court Opinion, 10/30/20, at 3-4.

In **Scheib v. Rozberil**, this Court explained its reasons for dismissing Scheib's appeal:

We dismiss this appeal because: 1) the matter is *res judicata*; 2) [Scheib] should not have been allowed to file the lawsuit in the first instance as two prior orders, which both were upheld on appeal, prohibited her from doing so; and 3) the arguments that [Scheib] raise[d] primarily relate to the validity of the 1998 mortgage foreclosure proceeding, and are incomprehensible and incapable of being addressed. [**See**] **Ibn-Sadiika v. Riester**, 551 A.2d 1112, 1114 (Pa.Super. 1988) ("When an appellant fails to carry forward, or is indecipherably vague in, argumentation upon a certain point in his appellate brief, that point is waived[")].

**Id.**, unpublished judgment order at 3.

The above reasons apply with equal force to the present appeal. Scheib was prohibited from filing the complaint at issue, her claim again seeks a "full and final" resolution regarding the Crafton property, and the supporting arguments in her brief are indecipherable.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/2021