Joseph L. D'ALESSANDRO and Olga D'Alessandro, Plaintiffs,

v.

Sue L. ROBINSON, Defendant.

No. Civ.A. 02–300.

United States District Court, D. Delaware.

July 22, 2002.

Joseph L. D'Alessandro, Lewes, DE, for plaintiffs.

Judith Kinney, AUSA, U.S. Attorney's Office, Wilmington, DE, Susan R. Becker, AUSA, U.S. Attorney's Office, Philadelphia, PA, for defendant.

---

1. There is currently a Motion to Dismiss pending in Civil Action number 02–114. Judge Robinson has not issued any Orders

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Dismiss of Defendant Sue L. Robinson ("Judge Robinson" or "Defendant"). In this case, Plaintiffs Joseph and Olga D'Alessandro ("Plaintiffs" or "D'Alessandro") brought claims against Judge Robinson for rulings she made in her judicial capacity in several underlying suits. For the reasons that follow, the Court will grant Judge Robinson's Motion to Dismiss based on judicial immunity and will dismiss all of Plaintiffs' claims against Judge Robinson with prejudice.

## BACKGROUND

Plaintiffs filed several lawsuits in the United States District Court for the District of Delaware all arising out of Plaintiffs' claims that Mrs. D'Alessandro was discriminated against by her employer, L.L. Bean.

The first suit was filed in September, 2001 and named L.L. Bean, various individuals who work for the company, the company's lawyers, and Unum Insurance Company. That case is captioned *Olga and Joseph D'Alessandro v. L.L. Bean, et. al.*, Civil Action 01–623, District of Delaware.

The second suit was filed in January, 2002 and named L.L. Bean, various individual defendants and the company's attorneys. This case is captioned *Joseph D'Alessandro v. L.L. Bean, et. al.*, Civil Action 02–77, District of Delaware.

The third suit was filed in February, 2002 and named the EEOC and its director. This case is captioned *D'Alessandro v. EEOC, et. al.*, Civil Action 02–114, District of Delaware.[1]

regarding this Motion to Dismiss. The only Order issued by Judge Robinson in Civil Action number 02–114 denied Plaintiffs' Motion

These suits were all assigned to District Court Judge Sue Robinson. On November 13, 2001, Judge Robinson issued an Order in Civil Action number 01–623 which dismissed Mr. D'Alessandro's loss of consortium claim; dismissed Mrs. D'Alessandro's obstruction of justice claims and civil rights claims pursuant to § 1983; and dismissed all claims against Unum Insurance Company. Judge Robinson's November 13, 2001 Order allowed Mrs. D'Alessandro's employment discrimination claims against L.L. Bean to survive. The Order further prevented Plaintiffs from filing any other papers in the case without first obtaining Court approval.

On April 9, 2002, Judge Robinson issued Orders in Civil Action numbers 01–623 and 02–77. In Civil Action number 01–623, Judge Robinson confirmed that the only remaining claims were Mrs. D'Alessandro's claims against L.L. Bean for which she had exhausted her administrative remedies. Judge Robinson also granted Plaintiffs' Motion to Appoint Counsel. In Civil Action 02–077, Judge Robinson granted the Defendants' Motion to Dismiss. Plaintiffs appealed Judge Robinson's Order in Civil Action number 02–077, and that case is currently on appeal to the Third Circuit.

Plaintiffs filed a Complaint against Judge Robinson on April 22, 2002. In the Complaint, Plaintiffs allege constitutional violations based on Judge Robinson's rulings in the other lawsuits discussed above. Specifically, Plaintiffs allege that "Judge Robinson acted beyond the scope or in excess of her legal power or authority." *See* Pl.s' Compl. at Jurisdictional Basis.[2]

Plaintiffs further allege that Judge Robinson violated their rights by 1) dismissing Mr. D'Alessandro's loss of consortium claim; 2) dismissing Mrs. D'Alessandro's claims for joinder of other defendants; 3) denying Mrs. D'Alessandro the right to sue Unum Insurance Company for Conspiracy to Commit Fraud and Corruption; 4) denying Mrs. D'Alessandro the right to sue L.L. Bean Lawyers Mr. Brann, Mr. Lowe, and Mr. Stockford for violations under Title VII and Title I; and 5) denying these rights without a hearing and without allowing Mrs. D'Alessandro an opportunity to be heard. *See* Pl.s' Compl. at Statement of Case.[3] Plaintiffs also allege that they were denied their rights because Judge Robinson issued an injunction preventing them from filing any papers unless they had leave of Court without holding a hearing or allowing Plaintiffs an opportunity to be heard.

Finally, while not pled in Plaintiff's Complaint, Plaintiffs allege in their response to Defendant's Motion to Dismiss that Judge Robinson conspired with the defense counsel for L.L. Bean, Laurence Cronin, in the underlying suit to deprive Plaintiffs of their constitutional rights.

Currently before the Court is Judge Robinson's Motion to Dismiss which we now consider.

## DISCUSSION

### I. *Legal Standard*

In resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court

for Default Judgment. Plaintiffs do not mention this Order or Civil Action 02–114 in the current Complaint against Judge Robinson.

**2.** Plaintiffs' Complaint does not set forth numbered paragraphs and the pages are not numbered. Thus, the Court will refer to the section of the Complaint in which the allegations

appear. The Jurisdictional Basis section of Plaintiffs' Complaint is approximately pages 1–2 of the Complaint.

**3.** These allegations appear in the Statement of Case which is approximately pages 2–5 of the Complaint.

primarily considers the items appearing in the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990). The court must accept as true the facts alleged in the complaint, together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990).

The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to any relief based upon the facts pled. Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988); *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3d Cir.1985), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

Further, because Plaintiffs are proceeding *pro se,* the Court will construe their Complaint liberally and hold it to a less stringent standard than a pleading drafted by an attorney. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

## II. *Claims Against Judge Robinson*

### A. *Judicial Immunity*

 "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam)); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 768 (3d Cir.2000); *Zapach v. Dismuke,* 134 F.Supp.2d 682, 696 (E.D.Pa.2001) (same) (citing *Stump v. Sparkman,* 435 U.S. 349, 357 n. 8, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)); *Feingold v. Hill,* 360 Pa.Super. 539, 521 A.2d 33, 36 (1987).

 Judges are immune from suit even if the action complained of was taken in error, was done maliciously, or was in excess of the judicial authority. *See, e.g., Feingold,* 521 A.2d at 36. A judge will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978); *Figueroa,* 208 F.3d at 443–44. Moreover, even in cases where a plaintiff alleges that a judge took his or her actions as a result of a conspiracy between the judge and other lawyers in the case, the judge is still protected from suit by judicial immunity. *See Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980) (affirming dismissal of conspiracy claims against judge based on doctrine of judicial immunity); *Serra v. Salus,* CIV.A. No. 00–4344, 2000 WL 1886572, *5–*6 (E.D.Pa. Dec. 15, 2000) (dismissing conspiracy claims against judge on basis of judicial immunity); *Currier v. Borough of Norristown,* CIV.A. No. 94–4613, 1995 WL 455855, * 1 (E.D.Pa. July 28, 1995) (same); *Cohen v. Duane, Morris & Heckscher,* CIV.A. No. 89–4424, 1989 WL 114695, *1 (E.D.Pa. Sept. 29, 1989) (same); *see also McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that immunity applies to conspiracy to violate civil rights claims).

▮ A suit can only be maintained against a judge for "non-judicial acts" and for actions "taken in the complete absence of all jurisdiction." *Figueroa*, 208 F.3d at 440.

> Whether an act is judicial depends on "the 'nature' and 'function' of the act, not the 'act' itself." *Mireles v. Waco*, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (quoting *Stump*, 435 U.S. at 362, 98 S.Ct. 1099, 55 L.Ed.2d 331)). Courts look to two factors in making this determination: the nature of the act, i.e. whether the act is a measure normally performed by a judge, and the expectations of the parties, i.e. whether the parties dealt with the judge in his judicial capacity. *See id.* at 12, 112 S.Ct. 286, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9.

*Zapach*, 134 F.Supp.2d at 696.

### B. *Plaintiffs' Claims Against Judge Robinson*

▮ The actions for which Plaintiffs seek to hold Judge Robinson accountable are, by Plaintiffs' own admission, actions Judge Robinson took in her official capacity as Judge in Plaintiffs' other lawsuits. For example, Plaintiffs claim that Judge Robinson issued an Order which 1) dismissed Mr. D'Alessandro's loss of consortium claim; 2) dismissed Mrs. D'Alessandro's claims for joinder of other defendants; 3) denied Mrs. D'Alessandro the right to sue Unum Insurance Company for Conspiracy to Commit Fraud and Corruption; and 4) denied Mrs. D'Alessandro the right to sue L.L. Bean Lawyers Mr. Brann, Mr. Lowe, and Mr. Stockford for violations under Title VII and Title I. *See* Pls.' Compl. at Statement of Case. Judge Robinson's Order dismissing Plaintiffs' claims is the type of

function normally performed by a judge and is, thus, clearly a judicial act for which Judge Robinson is immune from suit. *See Figueroa*, 208 F.3d at 443 (functions normally performed by a judge are judicial acts for which there is immunity).

▮ Plaintiffs also claim that Judge Robinson dismissed these claims without holding a hearing or allowing Plaintiffs an opportunity to be heard and that Judge Robinson violated their rights by enjoining them from filing papers without leave of court. However, these decisions were also clearly judicial acts rendered in Judge Robinson's official judicial capacity. Finally, Plaintiffs claim that Judge Robinson's rulings were contrary to the law. However, even if Judge Robinson's rulings were contrary to the law, she is still immune from suit. *See, e.g., Feingold*, 521 A.2d at 36 (judges enjoy immunity from suit even where their actions were taken in error). Thus, Judge Robinson has absolute judicial immunity for the actions of which Plaintiffs complain. *Id.* at 440.

▮ Plaintiffs attempt to avoid judicial immunity by claiming that Judge Robinson undertook these actions as a result of a conspiracy with counsel for L.L. Bean, Laurence Cronin. However, even if Judge Robinson's actions were taken as a result of a conspiracy,[4] Judge Robinson is still immune from suit. *See Dennis*, 449 U.S. at 27, 101 S.Ct. 183 (affirming dismissal of conspiracy claims against judge based on doctrine of judicial immunity); *Serra*, 2000 WL 1886572 at *5–6 (dismissing conspiracy claims against judge on basis of judicial immunity); *Currier*, 1995 WL 455855 at * 1 (same); *Cohen*, 1989 WL 114695 at *1 (same).

---

4. Plaintiffs have not produced any evidence, or even any credible allegations, to demonstrate that Judge Robinson was engaged in a conspiracy.

Plaintiffs further attempt to avoid judicial immunity by alleging that Judge Robinson acted without jurisdiction. However, as is clear from the pleadings before the Court, which are matters of public record and properly considered by this Court, Judge Robinson had jurisdiction over the claims brought by Plaintiff in all three underlying lawsuits. *See Oshiver*, 38 F.3d at 1384 n. 2 (court may consider matters of public record on motion to dismiss). Thus, Judge Robinson is immune from all claims brought by the Plaintiffs and Plaintiffs' claims against her will be dismissed with prejudice.

## CONCLUSION

An appropriate Order follows.

## *ORDER*

AND NOW, this 22nd day of July, 2002, upon consideration of the Defendant's Motion to Dismiss Plaintiffs' Complaint and Plaintiffs' response thereto, it is hereby ORDERED that, for the reasons set forth in the accompanying Memorandum, the Motion is GRANTED.

It is further ORDERED that Plaintiffs' Complaint in the above-captioned case is hereby DISMISSED WITH PREJUDICE.