Mustafa Ali, : 
              Appellant : 
  : 
  : 
       v. : 
  : 
  : 
Unknown CERT Team Members and : 
Pennsylvania Department of :   No. 592 C.D. 2024
Corrections :   Submitted: April 11, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE COVEY                         FILED: May 23, 2025


      Mustafa Ali (Ali), *pro se*, appeals from the Schuylkill County Common Pleas Court's (trial court) April 29, 2024 order sustaining the Pennsylvania Department of Corrections' (Department) preliminary objections (POs) and dismissing his amended complaint (Amended Complaint) against the Department and unknown members of the Department's Crisis and Emergency Response Team (CERT) (collectively, Defendants). Ali presents four issues for this Court's review: (1) whether the trial court erred by ruling that Ali's Amended Complaint was legally insufficient; (2) whether the trial court erred by holding that Ali's Amended Complaint lacked specificity; (3) whether the trial court erred by ruling that Defendants are immune from liability under what is commonly referred to as the Sovereign Immunity Act[1] (Act); and (4) whether the trial court abused its discretion

_____
[1] 42 Pa.C.S. §§ 8501-8502, 8521-8527.

by refusing to grant Ali an extension of time and an opportunity to respond to the Department's POs.[2] After review, this Court reverses and remands.

Ali is currently an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy).[3] On or about September 28, 2023, Ali filed a complaint in the trial court against unknown CERT members, claiming damages to his personal property attributable to their negligent acts during a search of his cell. On February 21, 2024, Ali filed the Amended Complaint to add the Department as a defendant. Therein, Ali alleged in pertinent part:

> 7. On November 9, 2022[,] **members of** [**CERT**] **conducted an institutional search** at SCI[-]Mahanoy.
>
> 8. **During the search of** [**Ali's**] **cell**, **a number of personal items were lost or misplaced**.
>
> 9. [Ali] filed grievance [No.] 1007096 regarding his damaged headphones, Arabic/English dictionary[,] and missing trial transcripts.
>
> 10. [Ali] filed grievance [No.] 1009237 regarding [six] damaged religious books.
>
> 11. [Ali] filed grievance [No.] 1072797 regarding his missing orthopedic shoes and orthotics.
>
> 12. [**Ali's**] **property was in the care**, **custody**[,] **and control of** [**Department**] **staff who conducted the search of his cell**.
>
> 13. The [Department] Code of Ethics (section B(7)) requires the [Department] to handle inmate property with extreme care.
>
> 14. While searching inmate property, [Department] staff are required to perform this duty in a non-negligent manner per [Department] policies DC-ADM[ ]804, DC-ADM[ ]815 and [the Department] Code of Ethics.

---

[2] This Court has reordered Ali's issues for ease of discussion.

[3] https://inmatelocator.cor.pa.gov/#/Result (last visited May 22, 2025).

15. The C[]E[]R[]T[][] [m]embers **negligently performed their work duties**, **thereby causing the loss, misplacement**[,] **and damage to [Ali's] property**.

16. Defendants owed a duty to [Ali] to safely handle and secure his property.

17. **Defendants undertook the responsibility for the care of [Ali's] property upon searching it**.

18. Defendants had an active legal duty to perform which required that they act according to the rules and regulations of Department policy.

19. **Defendants' failure to safely handle and secure** [Ali's] property is a **violation or infringement of a legal or sworn duty** owed to handle inmate property with due care as provided by Department policy.

20. **Defendants' fail**[ed] **to discharge a duty owed by them**, [**and**] **as a result**, [**Ali's**] **property was lost, misplaced**[,] **or damaged**.

21. The [Department] is responsible for [Ali's] property[,] which was in its care, custody[,] and control.

Amended Complaint, ¶¶ 7-21 (emphasis added).

On March 18, 2024, the Department filed the POs to the Amended Complaint. On April 1, 2024, Ali filed a Motion to Compel the Department to disclose the CERT members' names (Motion to Compel) as well as a Motion for Extension of Time to Respond to the Department's POs (Motion for Extension). On April 15, 2024, the Department filed a Motion to Stay Discovery. On April 29, 2024, the trial court sustained the POs, denied Ali's Motion to Compel and Motion for Extension, dismissed the Amended Complaint, and denied the Department's Motion to Stay Discovery as moot. The trial court issued an April 15, 2024 opinion which accompanied the order (Trial Court Opinion). Ali appealed to this Court.

On May 28, 2024, the trial court ordered Ali to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate

3

Procedure (Rule) 1925(b) (Rule 1925(b) Statement) within 21 days (May 28 Order). Ali did not do so. On June 21, 2024, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion), requesting that this Court quash Ali's appeal because he did not timely file his Rule 1925(b) Statement and, as a result, had waived all issues.

On July 11, 2024, Ali filed a letter dated June 28, 2024,[4] with this Court's Prothonotary, copied the trial court administrator and the trial court judge, claiming that he did not timely file his Rule 1925(b) Statement because he did not receive the trial court's May 28 Order. Ali also enclosed his inmate correspondence history and the Department's Unacceptable Correspondence Forms he purportedly received, which reflect that the Department had returned correspondence it received on June 3, 13, and 28, 2024, addressed to Ali from the trial court because the trial court's correspondence had invalid or missing control numbers. By July 15, 2024 Order, this Court directed the parties to address in their principal briefs whether Ali waived all issues on appeal because he failed to file a Rule 1925(b) Statement.

On March 27, 2025, following the submission of the parties' briefs, this Court remanded the matter to the trial court to determine whether Ali's Rule 1925(b) Statement should be accepted *nunc pro tunc*. On March 28, 2025, the trial court granted Ali's *nunc pro tunc* request to proceed with his appeal, stating:

> A review of the record in this matter reveals that a hearing is not necessary to dispose of [Ali's] June 28, 2024[][*n*]*unc* [*p*]*ro* [*t*]*unc* request for relief wherein he asks this [trial] court to allow his appeal to move forward despite having not filed his [Rule 1925(b) Statement] in a timely fashion in conformity with our May 28 [Order]. The record and filings in this matter, specifically [Ali's] inmate correspondence history[,] as well as the

---

[4] "Under the prisoner mailbox rule, a prisoner's *pro se* [document] is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014).

Department's June 3, 2024[] Unacceptable Correspondence Forms, confirm that [Ali] did not receive [this trial court's] May 28 [Order] in a timely manner because the Department . . . returned [it] on that date to the sender, the Prothonotary of Schuylkill County, due to the Prothonotary's failure to include a valid control number. Therefore, we find [Ali's] June 28, 2024[] request for [n]unc [p]ro [t]unc relief has merit. Extraordinary circumstances exist warranting relief due to the Prothonotary's failure having caused [Ali] to not receive [the May 28] Order in a timely fashion, thus preventing him from filing his [Rule 1925(b)] Statement within twenty-one (21) days of [the May 28] Order.

Trial Ct. Order (March 28, 2025) at 1 n.1. On April 3, 2025, the trial court issued an Order/Statement in Lieu of Opinion Pursuant to Rule 1925(a), wherein the trial court submitted the Trial Court Opinion in lieu of submitting an opinion pursuant to Rule 1925(a).

This Court now addresses the merits of Ali's appeal.[5] Ali argues that the trial court erred when it held that his Amended Complaint is legally insufficient. Initially,

[a] trial court may sustain preliminary objections only if it appears with certainty that the law will not allow recovery. All well-pled facts in the complaint and all reasonable inferences from those facts are accepted as true. However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion.

*Brown v. Clark*, 184 A.3d 1028, 1029 n.3 (Pa. Cmwlth. 2018) (citations omitted).

In concluding that Ali's negligence claim was legally insufficient, the trial court explained:

In his tort action, [Ali] claims [] Defendant[s] acted negligently in [their] handling of his property during the

---

[5] "This Court's review of a trial court's order sustaining [POs] is limited to determining whether the trial court committed an error of law or abused its discretion." *Brown v. Clark*, 184 A.3d 1028, 1029 n.3 (Pa. Cmwlth. 2018).

5

search of his cell. In order to show negligence, [Ali] must allege that: (1) Defendants had a legal duty or obligation in which [they] must conform to a certain standard of conduct[;] (2) Defendants failed to conform to the standard[;] (3) there is a "reasonably close causal connection between the conduct and resulting injury[;]" and[] (4) [Ali] suffered actual damages. *Williams v. Syed*, 782 A.2d 1090, 1093-94 (Pa. Cmwlth. 2001).

In this instant action, [Ali's Amended] Complaint contains no causal connection between Defendants['] conduct and the injury he alleges he suffered. (*See* Amended Complaint). [Defendants] performed a search of his cell and [Ali] later discovered he had damaged and missing items. Without pleading more in his [Amended] Complaint, Ali charges the [trial c]ourt with inferring negligence from his broad averments. Outside of expressly stating the acts of [] Defendant[s] are negligent, nothing [Ali] has pleaded supports a claim of negligence. The [Amended] Complaint, as pleaded, can be attributable to intentional conduct as much as it could be attributed to negligence. Furthermore, [Ali] fails to show that [the Department] had any duty of care to supervise the C[]E[]R[]T[] [] during the search. Any negligent supervision on the part of [the Department] is also insufficiently pleaded.

Trial Ct. Op. at 3.

However, as required, Ali alleged that Defendants had a legal duty or obligation to conform to a certain standard of conduct and that Defendants failed to do so. *See Syed*. Further, contrary to the trial court's statement, Ali averred a clear causal connection between Defendants' conduct and his loss of or damage to his property. Ali contended in the Amended Complaint that Defendants undertook the responsibility for the care of Ali's property upon searching it; that the Department's policies and Code of Ethics impose duties on Department employees to act with care in handling inmates' property; that the Defendants **did not act in accordance therewith**, **resulting in the loss of and damage to his property during their search**; **and that the Defendants negligently performed their duties, which**

6

**caused the loss of and damage to Ali's property**. Further, Ali identified in the Amended Complaint the specific property lost or damaged. For purposes of ruling on the POs, the trial court was required to accept that Ali's allegations are true. Accepting such as true, this Court concludes that Ali has sufficiently averred facts in his Amended Complaint to support a negligence claim.

Ali further contends that the trial court erred by holding that his Amended Complaint lacked specificity. "[I]n Pennsylvania, sufficient factual averments must be pleaded in a complaint to sustain a cause of action." *Foster v. UPMC S. Side Hosp.*, 2 A.3d 655, 666 (Pa. Super. 2010). "[A] pleading must not only apprise the opposing party of the asserted claim, 'it must also formulate the issues by summarizing those facts essential to support the claim.'" *Richardson v. Wetzel*, 74 A.3d 353, 356-57 (Pa. Cmwlth. 2013) (quoting *Sevin v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992)). "Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the prima facie elements of the tort or torts alleged." *Feingold v. Hill*, 521 A.2d 33, 38 (Pa. Super. 1987). However, "[w]here the elements to a cause of action are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted." *Syed*, 782 A.2d at 1095 n.6.

In the Amended Complaint, Ali claimed that both the Department's Code of Ethics and Department policies require Department employees to perform their duties in a non-negligent manner. Ali alleged that, on November 9, 2022, the CERT members failed to use the requisite care while searching his cell and damaged his property. Ali also specifically identified his personal property damaged or lost as a result of the CERT's negligence. This Court concludes that the Amended Complaint "not only give[s] the [Defendants] notice of what [Ali's] claim is and the grounds upon which it rests, but . . . also formulate[s] the issues by summarizing

7

those facts essential to support the claim." *Foster*, 2 A.3d at 666. Accordingly, this Court concludes that the trial court erred by holding that Ali's Amended Complaint was insufficiently specific.

Finally, Ali maintains that the trial court erred by ruling Defendants are immune from liability under the Act. This Court has explained:

> Sovereign immunity acts as a bar to suits against Commonwealth parties, including its officials and employees acting within the scope of their duties. 1 Pa.C.S. § 2310. Establishing a limited list of exceptions to immunity, the General Assembly adopted [the Act]. Section 8522 of the . . . Act waives "immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity," for specifically enumerated categories of acts. 42 Pa.C.S. § 8522. A "Commonwealth party" is defined in Section 8501 [of the Act] as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. Thus, when an employee of a Commonwealth agency, such as a [Department] employee, is acting within the scope of his or her duties, the employee is shielded by the doctrine of sovereign immunity from liability for tort claims arising from negligent acts that do not fall within the statutory exceptions listed in Section 8522(b) of the . . . Act. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8522(a)-(b). Sovereign immunity is not waived for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment.

*Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433, 437-38 (Pa. Cmwlth. 2017).

Among the statutory exceptions to sovereign immunity listed in Section 8522(b) of the Act is what is known as the *personal property exception*, which waives sovereign immunity for negligence with respect to

> [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including

8

Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa.C.S. § 8522(b)(3).

With respect to sovereign immunity, the trial court sustained Defendants' PO, explaining:

In the instant action, the C[]E[]R[]T[’s] [] search of [Ali]’s cell clearly falls within the scope of employment "as it is the kind of work [it is] employed to perform, it occurs at a prison where [it is] assigned to work, and it is necessary to maintain order and security within the prison." *Harris v. [Pa.] Dep[’]t of Corr[.]* [(Pa. Cmwlth. No. 1199 C.D. 2021, filed Nov. 8, 2023),[6] slip op. at 9 (quoting trial ct. opinion)]. Thus, the search itself is intentional conduct performed within the scope of employment. Any claims of intentional actions taken by any Defendants would be barred by sovereign immunity. Although the claim involves personal property, [Ali] has failed to show negligence, as discussed *supra*, on the part of Defendants to fall under the "personal property" exception [to] sovereign immunity. Thus, any averments pertaining to intentional conduct of Defendants within the scope of their employment is barred by sovereign immunity.

Trial Ct. Op. at 4-5.

However, this Court has clarified:

[S]overeign immunity with regard to inmate property disputes has often been addressed. In *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2007), an inmate asserted that his television set was damaged while in the possession of corrections officers. The trial court dismissed Williams's complaint based on its view that the personal property exception applies only when personal

---

[6] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

property held by a governmental entity or employee causes injury to other persons or property. *Id.* at 917. [This Court] disagreed, concluding that the exception's plain language encompassed Williams's claim asserting negligence by the corrections officers in control of his property. *Id.* at 917-18 (stating that "here, the injury is the loss of the property itself"). Sovereign immunity was therefore not available to the defendants. *Id.*

In *Payne v. Whalen* (Pa. Cmwlth.[] No. 2100 C.D. 2014, filed Aug. 20, 2015) . . . (unreported), Payne asserted that prison employees lost his family photos. [This Court] concluded that the matter sounded in negligence, and sovereign immunity was not available because Payne sufficiently pleaded that prison employees had a duty to care for inmate property in their possession, that the employees breached that duty, and that the breach resulted in his loss and damages. *Id.*, slip op. at 10-11. . . .

In *Owens v. Commonwealth* (Pa. Cmwlth.[] No. 2624 C.D. 2015, filed Sept. 23, 2016) . . . (unreported), Owens alleged that prison employees who packed his belongings lost a pair of his boots. *Id.*, slip op. at 2 . . . . The prison employees argued that Owens's complaint pleaded an intentional tort, but [this Court] disagreed, finding the complaint clearly stated a cause of action rooted in negligence. *Id.*, slip op. at 4-6 . . . . [This Court] therefore denied the prison employees' assertion of sovereign immunity, citing two "virtually indistinguishable" cases where inmates sufficiently asserted negligence claims concerning prison employees' negligent handling of their property. *Id.*, slip op. at 4-6 . . . (citing *Palmer v. Doe* (Pa. Cmwlth.[] No. 2451 C.D. 2015, filed May 5, 2016), slip op. at 8-9 . . . [,] and *Samuels v. Walsh* (Pa. Cmwlth.[] No. 318 C.D. 2014, filed Nov. 17, 2014), slip op. at 4-6 . . . ).

*Austin v. Hammers* (Pa. Cmwlth. No. 1494 C.D. 2021, filed June 21, 2023), slip op. at 8-9 (footnote omitted).

Here, Ali similarly averred in the Amended Complaint that Defendants undertook the responsibility to care for Ali's property upon searching it; that the Department's policies and Code of Ethics impose duties on Department employees to act with care in handling inmates' property; that the Defendants did not act in

10

accordance therewith resulting in the loss of and damage to his property; and that the Defendants negligently performed their duties which caused the loss of and damage to Ali's property. Accordingly, sovereign immunity does not bar Ali's action.

For all of the above reasons, the trial court's order is reversed, and the matter is remanded for further proceedings consistent with this Opinion.[7]

_____
ANNE E. COVEY, Judge

---

[7] Given this Court's disposition, it does not reach Ali's contention that the trial court abused its discretion by refusing to grant Ali an extension of time and an opportunity to respond to the POs.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mustafa Ali,                       :
            Appellant           :
                              :
         v.                   :
                              :
Unknown CERT Team Members and  :
Pennsylvania Department of       :    No. 592 C.D. 2024
Corrections                    :

# O R D E R

AND NOW, this 23rd day of May, 2025, the Schuylkill County Common Pleas Court's (trial court) April 29, 2024 order is REVERSED, and the matter is REMANDED to the trial court for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge